# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-901

STATE OF LOUISIANA

VERSUS

DONALD CLARK

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17835-01
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Carla S. Sigler**
**Assistant District Attorney**
**F. Wayne Frey**
**Assistant District Attorney**
**David L. Kimball**
**Assistant District Attorney**
**Rick Bryant**
**District Attorney**
**P.O. Box 3206**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Appellee:**
      **State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant/Appellant:**
     **Donald Clark**

**Donald Clark**
**Pro Se**
**3439 1/2 Monroe Street**
**New Orleans, LA 70118**

**DECUIR, Judge.**

The Defendant, Donald Clark, was charged with forcible rape, in violation of La.R.S. 14:42.1. After pleading not guilty and proceeding to a jury trial, the Defendant was convicted as charged. He was originally sentenced to forty years at hard labor which, upon reconsideration by the sentencing court, was reduced to twenty-five years, with the first ten to be served without benefit of probation, parole, or suspension of sentence. The Defendant has appealed both the conviction and sentence. For the following reasons, we reverse the conviction, enter a judgment of guilty to the lesser included offense of simple rape, and remand for resentencing in accordance herewith.

The Defendant, a thirty-one year old single father and National Guardsman, was accused by C.T. of the crime of rape. From the outset, the Defendant admitted to engaging in a sexual encounter with C.T. on May 6, 2001, but he maintains the act was consensual. In fact, both the Defendant and C.T., along with the other witnesses, agree as to much of what transpired on the evening of May 5 and the morning of May 6, 2001.

At the time of the incident at issue, C.T., twenty-six, was a resident of Austin, Texas, where she lived with her husband and two young children. She traveled to Lake Charles that weekend with her son to attend the wedding of two friends, Christina and Reginald Ewing. After the wedding reception, C.T., along with the bride and groom and many other wedding guests, went to the Ewings' house to continue the festivities. At one point, Reginald left to pick up his cousin, the Defendant, so he could join everyone at the Ewings' house. C.T. and the Defendant met for the first time that evening.

Later that night, C.T. and three other women decided to go out to a few bars, including The Keg and The Doll House. The group consisted of the Defendant's

sister, Michelle Clark; Meredith Shrimp, who had traveled with C.T. from Austin; and Candace Cole. The Defendant and his cousin, Derrick Malbrew, went along with the four women. Both the Defendant and C.T. testified that the group danced together and were very friendly. C.T. could not deny that she might have held hands with the Defendant and may have sat on his lap. While at The Doll House, C.T. and the Defendant left for a while; she testified they left to visit a bar called Crystal's, and he testified they left to have a brief sexual encounter in his sister's car.

The group then returned to the Ewing house where C.T. and Candace Cole planned to spend the night. Michelle Clark dropped the others off and left. Cole proceeded to go to bed. Meredith Shrimp called a friend who came over with some marijuana, which he shared with Shrimp and C.T. C.T. also admitted to taking a muscle relaxer given to her by another guest. Derrick Malbrew visited with them while they smoked the marijuana. The Defendant disappeared for a while, then left with Malbrew in the early morning hours. Cole later told C.T. he had come into the room where she was sleeping, got into bed with her, and rubbed his penis on her. He left when she told him to go. The Defendant admitted lying down with Cole but denied the sexual advance. He testified that he asked to follow her into her room when he saw the drugs in the living room.

C.T. testified that after Shrimp left with her friend, she locked the house and prepared for bed. She changed from a skirt, shirt, and thong into boxer shorts and a tee shirt to sleep in. She testified that after sleeping for a while she was awakened by the sound of the Defendant coming into her room. He took off his clothes, got in bed with her, and proceeded to have sex with her. She testified that she was "frozen" and did not fight him off, scream to Cole for help, or try to get away. Rather, she pleaded with him to stop and was overpowered by him, a two hundred pound man. She stated

2

that he pinned her down, but he did not threaten her and was not violent with her. She acknowledged she had no bruises or other physical injuries from the incident. The Defendant agreed that he returned to the Ewing house that morning, but he testified the sexual act was consensual and C.T. never asked him to stop. Both agreed the Defendant then cleaned himself up with a towel lying on the floor, kissed C.T. on the forehead, and asked her if he would see her later at a barbecue for the Ewings. He then left.

C.T. returned to her home in Austin that day and informed her husband that she had been raped. The following morning, the couple drove to Lake Charles and reported the rape to the police.

In this appeal, the Defendant contends the evidence adduced at trial does not support a conviction of forcible rape. He argues the sexual act was consensual and no rape occurred. Alternatively, he claims the evidence may support a conviction of simple rape because of the alcohol, marijuana, and prescription drugs taken by C.T. on the night in question.

At the time of the offense, rape was defined in La.R.S. 14:41(A) as "the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." The Defendant was convicted of forcible rape, a violation of La.R.S. 14:42.1, which provided as follows at the time of the offense, in pertinent part:

> A. Forcible rape is rape committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
>
> (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

3

In *State v. Schexnaider*, 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, this court set forth the elements the State must prove to support a conviction of forcible rape as follows:

> Thus, in order to convict the Defendant, the State had the burden of proving: (1) an act of vaginal or anal intercourse; (2) without the lawful consent of the victim; and (3) where the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

*Id*. at 457.

Louisiana Code of Criminal Procedure Article 814(A)(1) makes simple rape a legislatively authorized responsive verdict to forcible rape. Louisiana Revised Statute 14:43, in part, defined simple rape at the time of the offense as:

> A. Simple rape is a rape committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of a victim who is not the spouse of the offender because it is committed under any one or more of the following circumstances:

> (1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause, other than the administration by the offender, and without the knowledge of the victim, of any narcotic or anesthetic agent or other controlled dangerous substance and the offender knew of should have known of the victim's incapacity.

Between approximately 10:00 p.m. on May 5, 2001 and 4:00 a.m. on May 6, 2001, C.T. consumed alcohol, smoked marijuana, and took what she thought was a muscle relaxer. Tammy Cane, a witness for the defense, testified that she saw C.T. at The Doll House and she seemed to be intoxicated. When asked if he could see the effects of the marijuana and pill taken by C.T., Derrick Malbrew testified that at 3:00 a.m., she appeared tired and could barely keep her eyes open. Blood tests performed on C.T. at the hospital on May 7 showed the presence of marijuana and another drug, benzodiazepine.

4

The Defendant filed a motion for post verdict judgment of acquittal on January 12, 2004. At a hearing held on February 13, 2004, defense counsel argued there was insufficient evidence to convict the Defendant of forcible rape inasmuch as there was no evidence of force, no threats were made, and there was no bruising found on C.T. There was also no physical evidence that C.T. fought back, and she never said she fought back. The judge noted there was testimony that the Defendant knelt on C.T.'s legs, put his hand on her arm, and held her head down. The trial court determined that "it boiled down to a credibility issue," and the jury chose to believe C.T.'s testimony. The court then denied the motion for acquittal. The trial court then asked for argument on the second part of the Defendant's motion regarding credibility and lesser included offenses.

After a bench conference, the trial court found the Defendant guilty of simple rape, basing his decision on the fact that C.T. had taken drugs and the Defendant's knowledge of that. The State objected to the trial court's ruling and argued that the jury considered the portion of the simple rape statute regarding stupor caused by alcohol or drugs and rejected it. A recess was then taken. After the recess, the trial court indicated it had reconsidered its previous decision and felt it improperly substituted its judgment for that of the jury. The trial court then reversed its prior decision finding the Defendant guilty of simple rape.

Louisiana Code of Criminal Procedure Article 821 states that a motion for post verdict judgment of acquittal "shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty." Pursuant to La.Code Crim.P. art. 821(E), "[i]f the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post

5

verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense."

Our review of the record reveals insufficient evidence to support the Defendant's conviction. While the issue of consent was a credibility determination well within the province of the jury, the issue of force was not, as there was simply no evidence presented that C.T. was prevented from resisting the act by force or threats of physical violence. There was, however, ample evidence that C.T. was prevented from resisting the act by her own alcohol and drug induced condition and that the Defendant was aware of that condition. In our view, the facts of this case illustrate the very purpose of the simple rape statute: to criminalize behavior which takes advantage of a person who has had too much to drink and participates in an act to which he or she would not otherwise have consented. This scenario may be referred to as a type of "date rape" and may be frequently unreported.

We find the evidence, when viewed in a light most favorable to the State, supports a conviction on the lesser included responsive offense of simple rape, not forcible rape. Therefore, we reverse the conviction for forcible rape and enter judgment of guilty of the crime of simple rape. The sentencing range for simple rape is zero to twenty-five years, a wide range which reflects the varying degree of culpability in different situations. While it is not within our discretion to impose sentence on the lesser included offense, we note this record is replete with evidence of the circumstances of the offense and the background of the Defendant, and we instruct the sentencing court to weigh those considerations accordingly.

For the foregoing reasons, the conviction for forcible rape is reversed; we hereby render a judgment of conviction on the lesser included responsive offense of simple rape.  This matter is remanded for resentencing in accordance herewith.

**REVERSED AND REMANDED.**