# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 07-766

**STATE OF LOUISIANA**

**VERSUS**

**DONALD CLARK**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17835-01
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**John F. DeRosier**
**David L. Kimball**
**Carla S. Sigler**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**Counsel for Appellee:**
**State of Louisiana**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant:**
**Donald Clark**

**Donald Clark**
**C.P.S.O.**
**P.O. Box 2017**
**Lake Charles,, La 70602**
**In Proper Person**

**SAUNDERS, Judge:**

In *State v. Clark*, 04-901 (La.App. 3 Cir. 12/8/04), 889 So.2d 471, this court reversed the Defendant's conviction for forcible rape, found the evidence supported a conviction of the lesser included responsive offense of simple rape, and remanded the matter for resentencing.

On remand, the Defendant was sentenced to serve fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence. In *State v. Clark*, 05-647 (La.App. 3 Cir. 12/30/05), 918 So.2d 552, this court found the sentence was excessive and remanded the matter for resentencing, noting that any sentence in excess of five years, under the facts of the case, was excessive.

On June 28, 2006, the Defendant was sentenced to serve five years at hard labor, without benefit of probation, parole, or suspension of sentence. The sentence was ordered to run consecutively with the sentence the Defendant was serving for contempt of court. The Defendant filed a Motion and Order to Reconsider Sentence on July 6, 2006, and September 14, 2006. The motions were denied on October 30, 2006.

A Motion and Order for Appeal was filed on December 4, 2006. The Defendant is now before this court asserting one assignment of error. Therein, the Defendant contends his sentence is excessive. We find this assignment of error lacks merit.

**FACTS:**

In this court's original opinion, the following facts were set forth:

> The Defendant, a thirty-one year old single father and National Guardsman, was accused by C.T. of the crime of rape. From the outset, the Defendant admitted to engaging in a sexual encounter with C.T. on May 6, 2001, but he maintains the act was consensual. In fact, both the Defendant and C.T., along with the other witnesses, agree as to much of what transpired on the evening of May 5 and the morning of May 6, 2001.

At the time of the incident at issue, C.T., twenty-six, was a resident of Austin, Texas, where she lived with her husband and two young children. She traveled to Lake Charles that weekend with her son to attend the wedding of two friends, Christina and Reginald Ewing. After the wedding reception, C.T., along with the bride and groom and many other wedding guests, went to the Ewings' house to continue the festivities. At one point, Reginald left to pick up his cousin, the Defendant, so he could join everyone at the Ewings' house. C.T. and the Defendant met for the first time that evening.

Later that night, C.T. and three other women decided to go out to a few bars, including The Keg and The Doll House. The group consisted of the Defendant's sister, Michelle Clark; Meredith Shrimp, who had traveled with C.T. from Austin; and Candace Cole. The Defendant and his cousin, Derrick Malbrew, went along with the four women. Both the Defendant and C.T. testified that the group danced together and were very friendly. C.T. could not deny that she might have held hands with the Defendant and may have sat on his lap. While at The Doll House, C.T. and the Defendant left for a while; she testified they left to visit a bar called Crystal's, and he testified they left to have a brief sexual encounter in his sister's car.

The group then returned to the Ewing house where C.T. and Candace Cole planned to spend the night. Michelle Clark dropped the others off and left. Cole proceeded to go to bed. Meredith Shrimp called a friend who came over with some marijuana, which he shared with Shrimp and C.T. C.T. also admitted to taking a muscle relaxer given to her by another guest. Derrick Malbrew visited with them while they smoked the marijuana. The Defendant disappeared for a while, then left with Malbrew in the early morning hours. Cole later told C.T. he had come into the room where she was sleeping, got into bed with her, and rubbed his penis on her. He left when she told him to go. The Defendant admitted lying down with Cole but denied the sexual advance. He testified that he asked to follow her into her room when he saw the drugs in the living room.

C.T. testified that after Shrimp left with her friend, she locked the house and prepared for bed. She changed from a skirt, shirt, and thong into boxer shorts and a tee shirt to sleep in. She testified that after sleeping for a while she was awakened by the sound of the Defendant coming into her room. He took off his clothes, got in bed with her, and proceeded to have sex with her. She testified that she was "frozen" and did not fight him off, scream to Cole for help, or try to get away. Rather, she pleaded with him to stop and was overpowered by him, a two hundred pound man. She stated that he pinned her down, but he did not threaten her and was not violent with her. She acknowledged she had no bruises or other physical injuries from the incident. The Defendant agreed that he returned to the Ewing house that morning, but he testified the sexual act was consensual and C.T. never asked him to stop. Both agreed the Defendant then cleaned himself up with a towel lying on the

2

floor, kissed C.T. on the forehead, and asked her if he would see her later at a barbecue for the Ewings. He then left.

C.T. returned to her home in Austin that day and informed her husband that she had been raped. The following morning, the couple drove to Lake Charles and reported the rape to the police.

*Clark*, 889 So.2d at 472-73.

Evidence presented also revealed the following:

Between approximately 10:00 p.m. on May 5, 2001 and 4:00 a.m. on May 6, 2001, C.T. consumed alcohol, smoked marijuana, and took what she thought was a muscle relaxer. Tammy Cane, a witness for the defense, testified that she saw C.T. at The Doll House and she seemed to be intoxicated. When asked if he could see the effects of the marijuana and pill taken by C.T., Derrick Malbrew testified that at 3:00 a.m., she appeared tired and could barely keep her eyes open. Blood tests performed on C.T. at the hospital on May 7 showed the presence of marijuana and another drug, benzodiazepine.

*Id*. at 474.

## ERRORS PATENT:

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by us for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENT OF ERROR:

In his only assignment of error, the Defendant contends the sentence imposed constitutes an excessive sentence under the facts and circumstances of this case and considering his personal history.

The Defendant asserts the trial court did not discuss any of the testimony at sentencing, any information which came out at the first and second sentencing hearings, and the pre-sentence investigation report. Additionally, the trial court did not indicate what aggravating and mitigating circumstances it considered. Furthermore, the Defendant alleges his sentence is excessive based on the facts of the case.

3

In his Motion to Reconsider Sentence, the Defendant merely alleged his sentence was excessive. The defense failed to argue that the trial court did not discuss any of the testimony at sentencing, any information which came out at the first and second sentencing hearings, and the pre-sentence investigation report or that the trial court failed to consider any mitigating and aggravating factors.

"Failure to . . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E).

Accordingly, the Defendant waived all claims regarding these allegations. Therefore, we will only address the Defendant's claim that his sentence is excessive.

The supreme court discussed the standard applicable to excessive sentencing claims in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

In this court's most recent ruling in this matter, *Clark*, 918 So.2d 552, we cited *State v. Sergon*, 449 So.2d 193 (La.App. 3 Cir. 1984). In *Sergon*, the defendant pled guilty to simple rape of a mental patient at Pinecrest State Hospital. The trial court determined the victim did not understand the nature of the offense because of her mental condition and the defendant, a twenty-nine-year-old member of the Louisiana

4

National Guard, knew of the victim's incapacity. This court held the defendant's sentence of five years at hard labor was not excessive. After citing *Sergon*, this court then stated the following: "We direct the sentencing court's attention to the fact that a sentence of five years or less is appropriate in this case. See La.Code Crim.P. art. 881.4(A)." *Clark*, 918 So.2d at 556.

In brief, the Defendant argues that his case is different from *Sergon* because the victim in his case was voluntarily intoxicated and the defendant in *Sergon* took advantage of a victim made vulnerable by the vagaries of nature. We disagree.

*Sergon* is analogous to the case at bar because both the defendant in *Sergon* and the Defendant in the case at bar committed a similar crime on two individuals who were in a vulnerable state. Moreover, the Defendant was sentenced in conformity with the sentencing recommendation in this court's prior opinion. Therefore, we find the Defendant's sentence is not excessive. Accordingly, this assignment of error lacks merit.

**DECREE:**

The Defendant's sentence is affirmed.

**AFFIRMED.**