674 So.2d 957 (1996)
STATE of Louisiana
v.
Karrie Dean COOK.
No. 95-K-2784.
Supreme Court of Louisiana.
May 31, 1996.
*958 Richard P. Ieyoub, Attorney General, Michael Harson, District Attorney, Rickey W. Miniex, for Applicant.
David C. Willard, for Respondent.
PER CURIAM:[*]
We granted the state's writ application to address the question of whether the defendant's sentence is excessive.
Following the defendant's plea of nolo contendere to a charge of vehicular homicide, La.R.S. 14:32.1, in return for which the state dismissed a second charge of hit and run driving in violation of La.R.S. 14:100 and agreed to make no penalty recommendation, the trial court sentenced the defendant to nine years at hard labor. The Third Circuit vacated that sentence as excessive on grounds that it "makes no meaningful contribution to acceptable penal goals and is therefore nothing more than the needless imposition of pain and suffering and would benefit neither defendant nor society." State v. Cook, 95-212, p. 5 (La.App. 3d Cir. 10/18/95), 664 So.2d 489, 492. The Third Circuit based that conclusion on the mitigating circumstances, also considered by the trial court but not found compelling, that "the defendant is a model employee and a hardworking mother successfully rearing her teenage daughter." Id. While we agree that the defendant presented mitigating circumstances weighing in favor of a lesser sentence, we cannot agree that the nine-year term imposed by the trial judge, although harsh, is constitutionally excessive. We therefore reverse.
A trial judge has broad sentencing discretion because he or she remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Smith, 93-0402, p. 7-8 (La. 7/5/94), 639 So.2d 237, 242 (on reh'g) (reh'g denied). In this case, the trial judge emphasized that the defendant had taken the life of an 18-year-old college student by knocking him off of his bicycle and leaving the scene in a car which displayed the bumper stickers "Budweiser Light" and "Daiquiri Hut." Her moribund victim lay face down in a ditch attempting to breathe the mixture of water and mud that would ultimately asphyxiate and kill him. For the court, the defendant's flight from the scene "manifested deliberate cruelty to the victim" adding to "this already serious act ... a greater degree of culpability" because it "could have meant the difference between an individual living and dying."
The court also measured the defendant's apparent remorse by her attitude toward her own drinking. The defendant stated that she accepted full responsibility for the victim's death yet she also believed that she did not have "a serious alcohol problem." Although her blood alcohol level tested several hours after the accident had measured .22 per cent, or twice the level of legal intoxication established by La.R.S. 32:662(A)(1)(c), and witnesses had described her as "extremely intoxicated," the defendant told the court at sentencing that she did not feel intoxication had been a principal factor in the victim's death. She suggested that her drinking after the offense may have affected the test results. The defendant admitted, however, that she had denied drinking after the incident *959 to the police because she thought "it might hurt me." After attending several AA meetings following her arrest, the defendant dropped out of the program and sought no other substance abuse counselling.
As the court of appeal found, and the trial court duly noted, the defendant's record of steady work in the construction business and caring single-parenting of her adolescent daughter constituted factors in mitigation of sentence. The only relevant question on review, however, was "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." State v. Humphrey, 445 So.2d 1155, 1165 (La.1984) (citing State v. Williams, 412 So.2d 1327 (La.1982)). In 1989, the legislature reclassified vehicular homicide as a much more serious felony offense by raising the maximum penalty from five to 15 years, with or without hard labor, and increasing the maximum fine from $5,000 to $15,000. 1989 La. Acts No. 584. A subsequent amendment provided that at least one year of the sentence must run without benefit of probation, parole, or suspension of sentence. 1993 La. Acts No. 410. These changes respond to the increasingly burdensome societal costs of drunken driving. See State v. Rolen, 95-0347, p. 6 (La. 9/15/95), 662 So.2d 446, 449 ("No one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it.") (quoting Michigan Dept. of State Police v. Sitz, 496 U.S. 444, 451, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990). Given the benefit the defendant received when the state dismissed the charge of hit and run driving, a five-year felony offense, and the availability of early release alternatives such as parole and diminution of sentence for good behavior, we cannot say that the sentence imposed by the court, just over the midpoint of the range of punishment provided by the legislature, constitutes a clear abuse of the court's sentencing discretion. See State v. Green, 418 So.2d 609 (La. 1982) (concurrent sentences of three years at hard labor for two counts of negligent homicide, a five-year felony offense, not excessive although the defendant was a hardworking single mother with no criminal record); State v. Williams, 546 So.2d 494 (La.App. 4th Cir. 1989) (maximum sentence of five years in the parish jail for vehicular homicide not excessive even for a first offender student and mother of small children).
We therefore reverse the judgment of the court of appeal, reinstate the penalty imposed by the court, and remand this case for execution of sentence.
JUDGMENT REVERSED; SENTENCE REINSTATED; CASE REMANDED FOR EXECUTION OF SENTENCE.
NOTES
[*] Watson, J., not on panel. See Rule IV, Part 2, § 3.