NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-600


STATE OF LOUISIANA

VERSUS

EDDIE W. NORTHCUTT


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR764-05
HONORABLE STUART S. KAY  JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.


Hon. David W. Burton
District Attorney - 36th JDC
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for State-Appellee:
State of Louisiana

Carey J. Ellis III
Louisiana Appellate Project
707 Julia St.
Rayville, LA 71269
(318) 728-2043
Counsel for Defendant-Appellant:
Eddie W. Northcutt

**PICKETT, Judge.**

## FACTS

On July 5, 2005, at about 9:00 p.m., Deputy Darren Hall of the Beauregard Parish Sheriff's Office discovered that a vehicle driven by David Harvey had "switched tags," meaning that the tag did not match the vehicle. As a result, Deputy Hall pulled over the vehicle in which the defendant was a passenger in the front seat, and a third occupant, Marcem Hyatt, was in the back seat. Harvey denied having any illegal narcotics or weapons in the car. The defendant and Hyatt were asked to get out of the vehicle because they were going to run a drug dog around the car. A pat down of the men revealed a tin box with marijuana and a medicine bottle containing several tablets of Xanax found in the pocket of Hyatt's pants. The defendant had nothing on his person.

Deputy Clyde Kellogg arrived with a drug dog that alerted deputies to the presence of drugs in the vehicle and the vehicle was subsequently searched. On the driver's side of the vehicle, a Marlboro cigarette pack with marijuana and a pouch containing needles, a razor, a spoon, lighters and a small amount of marijuana were found. On the passenger's side of the vehicle, another Marlboro cigarette pack containing methamphetamine was found.

The three men were subsequently arrested and taken to the sheriff's office where statements were taken from Hyatt and the defendant. Sheriff's deputies then went out to Hyatt's residence along with Hyatt and discovered a lab used to manufacture methamphetamine.

On August 18, 2005, the defendant, Eddie W. Northcutt, was charged by bill of information, in count one with possession of methamphetamine, in violation of

La.R.S. 40:967(C); in count two with creation or operation of a clandestine laboratory to manufacture methamphetamine, in violation of La.R.S. 40:983; and in count three with conspiracy to manufacture methamphetamine, in violation of La.R.S. 14:26 and 40:967(A). A trial by jury was held on January 19, 2007, and the defendant was found guilty as charged.

On January 25, a hearing was held on the state's motion to enhance the defendant's sentence pursuant to La.R.S. 40:982. The trial court concluded that the state met its burden of proof in establishing that the defendant was a prior convicted drug felon under the provision of La.R.S. 40:982 and was subject to the enhancement provisions of the statute. The defendant was subsequently sentenced on February 1, 2007, as follows: count one - Ninety-six months (eight years) at hard labor and a fine of $3,000.00; count two - one hundred eighty months (fifteen years) at hard labor and a fine of $7,000.00; and, count three - two hundred forty months (twenty years) at hard labor, without benefit of probation, parole or suspension of sentence, and a fine of $50,000. The sentences were ordered to run concurrently with one another with credit for time served but consecutively to any other sentence previously imposed that remains unserved.

The defendant filed a motion to reconsider sentence on February 8, 2007, which was denied that same day. The defendant is now before this court on appeal alleging that the total concurrent sentence of twenty years at hard labor, without benefits, constitutes an excessive sentence.

## ASSIGNMENT OF ERROR

The defendant asserts only one assignment of error:

The total concurrent sentence of twenty years at hard labor, without benefits, constitutes an excessive sentence in this particular proceeding.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors.

## LAW AND ARGUMENT

The defendant argues in his sole assignment of error that the total concurrent sentence of twenty years at hard labor, without benefits, constitutes an excessive sentence. In his motion to reconsider sentence filed in the trial court, the defendant asserted that his sentence was based, in part, on the trial court's frustration with the defendant because he continued to remain in denial, failed to take responsibility for his actions, and appeared to be without remorse. The defendant maintains that he did not commit the crime, and thus, expressing remorse would be disingenuous for actions he did not do. Further, the defendant contends that his sentence was based, in part, on the trial court's frustration that he admitted to previous drug use and addiction. Lastly, the defendant complains that the fines ordered by the trial court far exceed his ability to pay same, especially in light of the sentence imposed.

In his brief to this court, the defendant insists that, although he has a criminal history, his sentence is severe, and he contends that the trial court did not adequately particularize the sentence to the defendant. The defendant points out that his prior felony convictions are not recent, one in 1976 and the other in 1987.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

On the convictions, without enhancement, the defendant faced up to five years, with or without hard labor, and a possible fine of not more than $5,000.00 for possession of methamphetamine. For creation or operation of a clandestine laboratory, the defendant faced a sentence of five to fifteen years at hard labor and a possible fine of not more than $25,000.00. Lastly, for criminal conspiracy to manufacture methamphetamine, the defendant faced up to fifteen years at hard labor and a possible fine of not more than $250,000.00 dollars.

In addition to these convictions, the trial court found the defendant to be a repeat offender pursuant to La.R.S. 40:982, which reads, in pertinent part:

> A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.

Considering same, the defendant faced up to ten years and a fine of $10,000.00 for possession of methamphetamine, up to thirty years and a fine of $50,000.00 for creation or operation of a clandestine laboratory, and up to thirty years and a fine up to $500,000.00 for criminal conspiracy to manufacture methamphetamine. Thus, the Defendant's sentences of eight, fifteen, and twenty years were all less than the maximum possible sentences. The defendant received significant benefit in that the trial court ordered the sentences to run concurrently. Further, the total of the fines imposed on the defendant, $60,000.00, is a fraction of the total possible fine, $560,000.00.

In the trial court's reasons for ruling, it stated:

As you were convicted after trial in the case before a jury, the Court has considered the evidence heard at trial, has reviewed the laboratory report and chemical analysis by the Southwest Louisiana Regional Criminal Lab, dated May 10, 2006, as well as the Discovery provided by the State to your counsel and in the record in this case.

Additionally, the Court has reviewed the Presentence Investigation Report provided by the Division of Probation and Parole, dated January 29, 2007. And I have also considered those letters favorable to you submitted on your behalf by your counsel.

It cannot be ignored that you appear before this Court for sentencing as a third felony offender. You have two prior felony drug convictions. One out of this Court in 1977, and one in Federal District Court in Lake Charles in 1987.

Further, you have two prior misdemeanor DWI convictions, one of which was originally charged as a felony grade but was reduced to misdemeanor grade for purposes of plea. While both of your felony convictions were over 20 years ago, they were both drug related. You previously have been given probation, yet do not seem to be affected by the experience.

Since 1995, three years is the longest period of time that you have been free from criminal activity of some sort. Additionally, you admit to being an active drug user since the age of 15; and that since that age, you have tried just about any narcotic available.

It does not appear to this Court that any of the probation and supervision techniques previously utilized have had any affect on your predilection for law violation. Indeed as a third-felony offender, you are not eligible for a probated sentence. You readily admit that you are a long-time user of illegal narcotics, yet you deny your guilt in this case.

The Court, as did the jury, finds that the evidence in the trial to be convincing of your guilt. You remain in denial and fail to take responsibility for your actions. You appear to be without remorse for your participation in the creation of this poison of methamphetamine which is highly addictive and is wrecking lives in this community.

Perhaps your addiction to illegal substances blinds you to the destruction that they cause. You are convicted as a creator of this poison of methamphetamine and quite probably at least indirectly are responsible for its dissemination to others. As such, you are a danger to the public and in the opinion of the Court should not be released back into the community for some time.

Considering all of the circumstances of the case, the sentence herein imposed is both just and fair. It is clearly not excessive under the circumstances, given the penalties available to the Court under the facts of this case and your criminal history.

Considering the aggravating and mitigating factors herein, the defendant's sentences are not grossly disproportionate to the severity of the crimes. Although the defendant complains that his sentences were based, in part, on the trial court's frustration that he continued to deny the crimes, the issue of the defendant's guilt is not presently before this court. The trial court's opinions that the defendant failed to take responsibility for his actions and appeared to be without remorse were appropriate considerations in fashioning the defendant's sentences. The fact that the defendant maintains that he did not commit the crime is not a factor for this court to consider in its determination of whether his sentences were excessive. Additionally, the trial court's consideration of the defendant's admission to previous drug use and addiction are also appropriate factors to consider in sentencing the defendant. Lastly, although the defendant complains that the fines ordered by the trial court are excessive because he is not able to pay same, the fines imposed are only a fraction of the possible fines the trial court could have imposed. Accordingly, we find that the defendant's argument is without merit, and his sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.