**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-599

STATE OF LOUISIANA

VERSUS

PAUL R. BLOSSOM, II

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. CR-946-05
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

**Honorable David W. Burton, District Attorney**
**James R. Lestage, Assistant District Attorney**
**P.O. Box 99**
**DeRidder, LA 70634**
**Counsel for State of Louisiana**

**Peggy J. Sullivan, Attorney at Law**
**P.O. Box 2775**
**Monroe, LA 71207-2775**
**Counsel for Defendant-Appellant:**
    **Paul R. Blossom, II**

**PAINTER, Judge.**

Defendant, Paul R. Blossom, II, pled guilty to possession of cocaine and was sentenced to serve three years at hard labor.[1] Defendant now appeals, arguing that his sentence is excessive and should not run consecutively with the sentence imposed in CR-356-03. Defendant's appellate counsel has filed an *Anders* brief in this matter, urging that there are no non-frivolous issues in this matter. For the reasons that follow, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was arrested on September 24, 2005 for possession of cocaine. On February 1, 2006, Defendant was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967. Defendant entered a plea of not guilty on March 7, 2006. As the result of a plea agreement, Defendant entered a plea of guilty to possession of cocaine on March 16, 2007. Thereafter, Defendant was sentenced to serve three years at hard labor. The sentence was ordered to run concurrently with his sentence in CR-95-06, but consecutively with his sentence in CR-356-03 and any sentence previously imposed. As part of the plea agreement, the State agreed to waive the filing of habitual offender proceedings. A motion to reconsider sentence was filed and denied on April 13, 2007. Defendant now appeals to this court, asserting that the sentence is excessive and should not run consecutively with his sentence in CR-356-03.

---

[1]As part of the plea agreement, Defendant agreed to admit to a violation of his felony probation in docket number CR-356-2003 and agreed to serve the remainder of his five-year sentence consecutively to the sentence imposed in the case at bar. The State additionally agreed to waive the filing of habitual offender proceedings.

Appellate counsel has filed an *Anders* brief, asserting that she can find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record, we find that there are no errors patent.

*Anders Analysis*

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel has filed a brief stating that she could find no errors on appeal that would support reversal of the Defendant's conviction or sentence and seeking to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

2

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged in a bill of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, Defendant received a legal sentence.

We have found no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

*Pro Se Assignment of Error*

In his *pro se* assignment of error, Defendant contends that his sentence is excessive and asserts that his sentence of three years should not run consecutively with his sentence in CR-356-03. Appellate counsel suggests this issue is not properly before the court for review because Defendant was sentenced in accordance with a plea agreement set forth in the record at the time the plea was entered. However, we find that the record is unclear as to whether Defendant was sentenced in accordance with a sentencing recommendation or if there was an agreed upon sentence in this case. Therefore, we will review this issue.

The supreme court discussed the standard applicable to excessive sentencing claims in *State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17, as follows:

> The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. *State v. Thompson*, 2002-0333 (La.4/9/03), 842 So.2d 330; *State v. Washington*, 414 So.2d 313 (La.1982); *State v. Abercrumbia*, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.

3

*State v. Cook*, 95-2785 (La.5/31/96), 674 So.2d 957. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id*.

In this case, Defendant pled guilty to possession of cocaine and was sentenced to serve three years at hard labor. Louisiana Revised Statute 40:967(C)(2) provides for a sentence of imprisonment with or without hard labor for not more than five years.

Defendant was on probation at the time of the current offense and admitted to a violation of that probation at the sentencing hearing for the current offense. For this reason, we find that the trial court did not abuse its discretion when imposing the sentence at issue. Furthermore, as part of the plea agreement, the State agreed to waive the filing of habitual offender proceedings.

Defendant also asserts that his sentence should have been ordered to run concurrently to the sentence in CR-356-03. That argument was not made to the trial court at the time of sentencing or in Defendant's motion to reconsider sentence. Thus, this issue is not properly before the court for review. Uniform Rules, Courts of Appeal—Rule 1-3.

For these reasons, this assignment of error lacks merit.

**DECREE**

Defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal. Rule 2-16.3.

4

KA07-374

# COURT OF APPEAL, THIRD CIRCUIT

# STATE OF LOUISIANA

**STATE OF LOUISIANA**
    **Plaintiff-Appellee**

**VERSUS**

**PAUL R. BLOSSOM, II**
    **Defendant-Appellant**

On Appeal from the Thirty-Sixth Judicial District Court, Docket Number CR946-2005, Parish of Beauregard, State of Louisiana, Honorable Stuart S. Kay, Jr., Judge.

_____**O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

    IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

    THUS DONE AND SIGNED this _____ day of October, 2007.

                      COURT OF APPEAL, THIRD CIRCUIT

                      _____
                      Judge Oswald A. Decuir

                      _____
                      Judge Elizabeth A. Pickett

                      _____
                      Judge J. David Painter