NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-529

STATE OF LOUISIANA

VERSUS

FARRELL J. GUILBEAU

**********
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 04-K-3587-D
HONORABLE ELLIS J. DAIGLE, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Billy H. Ezell, Judges.

AFFIRMED.

Earl J. Taylor, District Attorney
27th Judicial District
P.O. Drawer 1968
Opelousas, LA 70570
(337) 948-3041
COUNSEL FOR APPELLEE:
        State of Louisiana

James E. Beal
Louisiana Appellate Project
P.O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
COUNSEL FOR DEFENDANT-APPELLANT:
        Farrell J. Guilbeau

**COOKS, Judge.**

On August 19, 2004, at about 9:15 p.m., the Defendant, Farrell J. Guilbeau, was involved in a single vehicle accident on LA 31, north of Arnaudville, Louisiana. Defendant's girlfriend, Tina Carpenter, a passenger in the vehicle, died as a result of injuries sustained in the accident. Defendant's blood alcohol content, which was drawn at 1:02 a.m. at Doctor's Hospital, approximately four hours after the accident, was .15 g/100cc.[1]

Defendant was indicted by a grand jury with vehicular homicide, a violation of La.R.S. 14:32.1. A trial by jury was held, after which the jury found Defendant guilty as charged. Defendant was sentenced to serve sixteen years at hard labor, eight years of which to be served without benefit of probation, parole or suspension of sentence, with credit for time served. Defendant was also ordered to pay a fine of $2000.00 and to enroll in and complete a court-approved substance abuse program.

Defendant orally motioned the court to reconsider his sentence, and a hearing was scheduled. Following the hearing, the trial court denied Defendant's motion. Defendant is now before this court on appeal asserting that his sentence is excessive. For the following reasons, we affirm.

**ANALYSIS**

In his sole assignment of error, Defendant argues his sentence is excessive because the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence in this case. More specifically, the Defendant complains that the sentence imposed was nearly the maximum possible sentence at the time of the offense and that the trial court did not follow the sentencing guidelines set forth in

---

[1] It appears from Defendant's medical records that his initial blood work was drawn around 11:00 p.m. which would have been about two hours following the accident. Also, we note his blood was tested for alcohol at this time and is reported in the hospital lab report at .26 gm/dl.

La.Code Crim.P. art. 894.1.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331 (first alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant was convicted of vehicular homicide, a violation of La.R.S. 14:32.1, which states, in pertinent part:

> B. Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than thirty years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the operator's blood alcohol concentration is 0.15 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. If the offender was previously convicted of a violation of R.S. 14:98, then at least five years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program and may require the offender to participate in a court-approved driver improvement program. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety.

Thus, Defendant's sixteen-year sentence was just over half of the possible sentence he could have received, which is not near the maximum possible penalty as alleged by Defendant. Also, the trial court imposed the minimum fine of $2000.00. He was sentenced, however, to three years more than the minimum five years required to be served without benefit of probation, parole or suspension of sentence.

In the trial court's reasons for ruling, it stated:

> Considering the input from the defendant, the State and the Victim Impact Statement, together with the pre-sentence investigation and the guidelines set forth in Louisiana Code of Criminal Procedure Article 894.1 and other applicable sentencing statutes, including Revised Statute 14:32.1, the Court notes the following factors pertinent to this sentence: The defendant is forty-seven years of age and has had encounters with law enforcement agencies to the tune of fifteen or so times between 1989 and March of 2006. He has been convicted of five misdemeanors and two felonies which include the instant offense. Three of the foregoing convictions were crimes against a person. The defendant, despite being convicted by a jury in this matter, continues to profess his innocence stating that the decedent in this case was the driver of the vehicle involved in a single accident -- single vehicle accident. I have reviewed all of the letters sent to me from the family and friends of the defendant and it's evident that the defendant is loved by these individuals. Those letters and statements have been placed in

the record herein. I've also reviewed the letter of the victim's mother in the Impact Statement that was just presented to the Court by the victim's sister, and this was, in this Court's opinion, a useless death of a young lady involving alcohol.

. . . .

The jury found that Mr. Guilbeau was the driver of this vehicle, yet Mr. Guilbeau continues to profess otherwise. There is an undue risk that during the period of suspension of a sentence or probation that the defendant will commit another crime. The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution. A lesser sentence would deprecate the seriousness of the defendant's crime. There are no mitigating circumstances and the Court finds that the defendant is not remorseful in that he continues to profess that he was not the driver of the vehicle, refuses to accept that responsibility and places the blame on the victim as the driver of the vehicle.

At the hearing to reconsider sentence, Defendant submitted into evidence a petition signed by one hundred individuals that requested leniency. The trial court noted the petition requested the court find Defendant not guilty, in addition to asking for reconsideration of the sentence. With regard to his sentence, the petition requested that the trial court grant Defendant home monitoring, to allow him to care for his mother. The trial court also received correspondence from Dr. Clay Hammett, associated with the Cardiovascular Institute, regarding the care of Defendant's mother. This letter stated, in essence, that it would be of great assistance if her family would be allowed to stay with her to assist her in activities of daily living. The trial court noted that the doctor's request said nothing with respect to Defendant staying with his mother, and the court recalled Defendant had siblings, nieces, nephews and other family members. In denying Defendant's motion, the trial court stated:

The Court has in fact labored, originally, over the sentence in this matter. The Court has again looked through the entire record, in addition to any additional evidence that was presented to the Court in the forms of the petition, the correspondences that the Court also received, prior the sentencing in the matter, that are in the record, and the Court denies the reconsideration for the reasons originally indicated in the sentencing of this matter.

Although Defendant argues in his brief that the evidence against him at trial was not great, he did not assign as error any issue regarding the sufficiency of the evidence leading to his conviction. Defendant also complains that his blood alcohol level was at the minimum threshold for the mandatory imposition of five years of the sentence, without benefit of probation, parole or suspension of sentence. We note, however, that Defendant's blood alcohol level which was obtained several hours after the accident, was likely higher at the time of the accident.

Considering the aggravating factors herein and the lack of mitigating factors, we find Defendant's sentence is not grossly disproportionate to the severity of the crime. The trial court clearly considered for the record the aggravating factors and made specific reference to the fact that Defendant was not remorseful and has not accepted responsibility for the accident. Defendant has not set forth any mitigating factors not considered by the trial court which warrant his sentence to be vacated.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**