NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-1036

STATE OF LOUISIANA

VERSUS

ALVERNON SLOAN, JR.

**********
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62,512
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Hon. Don M. Burkett
District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
Counsel for Plaintiff/Appellee:
    State of Louisiana

**William Jarred Franklin**
**LA Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant/Appellant:**
     **Alvernon Sloan, Jr.**

GREMILLION, Judge.

In this case, the defendant, Alvernon Sloan, Sr., was initially charged by bill of information with forcible rape, a violation of La.R.S. 14:42.1, but eventually pled guilty to the lesser and included offense of simple rape, a violation of La.R.S. 14:43. He was sentenced to serve ten years at hard labor, without benefit of probation, parole, or suspension of sentence. Although he did not file a motion to reconsider his sentence in the trial court, he now appeals asserting that his sentence is excessive. For the following reasons, his sentence is affirmed.

## EXCESSIVE SENTENCE

In his sole assignment of error, Defendant argues that the sentence imposed is excessive. More specifically, he contends that the trial court failed to list the aggravating and mitigating circumstances it found applicable to his case. As we have noted, Defendant did not file a motion to reconsider his sentence, and therefore, his excessiveness claim is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, we shall review this assignment of error as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

We have set forth the following standard to be used in reviewing excessive sentence claims:

La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of

1

sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:

[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061.

The penalty for simple rape is imprisonment for not more than twenty-five years, with or without hard labor, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:43(B). Thus, Defendant's ten year sentence is significantly less than the maximum possible sentence. Additionally, he received a significant benefit from his plea bargain, as he faced a maximum possible sentence of forty years at hard labor for the charge of forcible rape.

2

At sentencing, the trial court noted Defendant's age of sixty-two years, considered the pre-sentence investigation report, and commented that Defendant was a fourth felony offender. The trial court did not specify for the record the aggravating and mitigating circumstances it found applicable to the instant case; however, as Defendant did not file a motion to reconsider sentence, he is only entitled to review of the bare claim of excessiveness. When considering that Defendant is a fourth felony offender, received a sentence in the lower range, and benefitted from a plea bargain, we cannot say that the trial court abused its sentencing discretion. Accordingly, this assignment of error is without merit and Defendant's sentence is affirmed.

## CONCLUSION

Defendant's sentence of ten years at hard labor without the benefit of parole, probation, or suspension of sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.

3