NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-749

STATE OF LOUISIANA

VERSUS

ALFONSO M. SIMON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71023
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

AFFIRMED.

William E. Tilley
District Attorney - Thirtieth Judicial District Court
P.O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
Counsel for Plaintiff/Appellee:
State of Louisiana

**Mark Owen Foster**
**P.O. Box 2057**
**Natchitoches, LA 71457-2057**
**318-572-5693**
**(318) 354-1292**
**Counsel for Defendant/Appellant:**
**Alfonso M. Simon**

**EZELL, JUDGE.**

On October 17, 2006, the Defendant, Alfonso M. Simon, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A) and (B)(4)(b). The Defendant pled guilty to the charge on January 31, 2007. He was sentenced on April 24, 2007, to serve nine years at hard labor and ordered to pay a fine of $1,500.00, plus court costs. He was ordered to serve the first two years of his sentence without benefit of probation, parole, or suspension of sentence, and he was given credit for time served.

The Defendant filed a motion to reconsider sentence which was denied, without reasons on April 30, 2007. The Defendant is now before this court on appeal, asserting that his sentence is excessive.

### FACTS

The facts were taken from the factual basis provided by the State at the Defendant's guilty plea hearing. During an undercover narcotics investigation on April 4, 2006, the Defendant sold a rock of crack cocaine to an undercover agent for forty dollars. The Defendant was identified in both a video and a photographic lineup.

### ASSIGNMENT OF ERROR

In his sole assignment of error, the Defendant argues that the sentence imposed by the trial court was cruel, unusual, and excessive. In his motion to reconsider sentence, the Defendant argued that the trial court failed to adequately articulate for the record the considerations taken into account and the factual basis for imposition of the maximum statutory sentence, or to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed. Further, the Defendant maintained that the trial court considered improper and inapplicable

1

aggravating circumstances in imposing the maximum sentence.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

2

The penalty for the distribution of cocaine is set forth in La.R.S. 40:967(B)(4)(b), which reads:

> Distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine. . . .shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence;  and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

Thus, the Defendant did not receive the maximum possible sentence as alleged in his brief to this court.  In fact, the Defendant received less than one third of the possible thirty-year sentence.  Additionally, the Defendant's fine was substantially less than the maximum possible fine.  Lastly, the Defendant derived significant benefit from his plea agreement in that the State agreed not to file a habitual offender bill based on prior offenses.

In the trial court's reasons for ruling, it stated:

I considered the factors of Article 894.1 of the Code of Criminal Procedure and found that the following were pertinent.  First, this is a drug case and there is always significant economic harm or impact on society in general when one is dealing in the use or distribution of illegal drugs.  There are no substantial grounds tending to excuse or justify his criminal conduct nor did he act under strong provocation by the victim or, or any - anyone else.  He's forty-one years of age.  He is married but separated and does not have any children.  He is in good health.  He has worked primarily as a painter and he has a high school education.  He does have a history of drug and alcohol use and has admitted to the use of marijuana and crack cocaine and indicated to the probation officer that he consumes about a six-pack of beer per week and he has not received treatment for any of this.  He's classified as a second felony offender in that on September the 23rd, 1997 in Dallas, Texas he was convicted of possession of controlled dangerous substances, a felony grade offense, and sentenced to two years [at the] Department of Corrections which was suspended and he was placed on four years supervised probation.  However, on February 19th, 1998, his probation was revoked.

We find that considering the aggravating and mitigating factors considered by the trial court, in addition to the benefit received as a result of the plea bargain,  the

3

Defendant's sentence is not grossly disproportionate to the severity of the crime. Accordingly, we find that the trial court did not abuse its discretion.

Additionally, the Defendant has not shown that the trial court failed to adequately articulate for the record the considerations taken into account and the factual basis for his sentence. Also, the Defendant did not specify any mitigating circumstances that the trial court did not consider in sentencing the Defendant or identify the improper and inapplicable aggravating circumstances the trial court allegedly considered in fashioning his sentence. Accordingly, we find that the Defendant's argument is without merit and that his sentence is affirmed.

## CONCLUSION

The Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3Uniform Rules, Court of Appeals.