DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-508

STATE OF LOUISIANA

VERSUS

JESSICA D. BRISTER

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 72,465
HONORABLE LESTER KEES, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

Paula C. Marx
P.O. Box 80006
Lafayette, LA 70598
Counsel for Defendant-Appellant:
        Jessica D. Brister

Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
Counsel for Appellee:
        State of Louisiana

PAINTER, Judge

Defendant, Jessica D. Brister, appeals the sentence imposed in connection with a conviction for theft of property valued more than $300.00 but less than $500.00.

FACTS

On March 3, 2007, the Leesville Lions Club was having its annual telethon during which it was auctioning donated items. At the conclusion of the auction, an auction item, a collectible remote control car valued at $350.00, was missing. Defendant admitted to taking the car, and her mother returned it.

PROCEDURAL HISTORY

On June 18, 2007, Defendant was charged by bill of information with theft over $300.00 but less than $500.00, a violation of La.R.S. 14:67. On December 5, 2007, Defendant entered a plea of guilty to the charge.[1] In exchange for her plea, the State agreed not to seek any enhancement of the penalties.

On February 26, 2008, Defendant was sentenced to serve one year at hard labor. A Motion to Reconsider Sentence was filed on February 27, 2008, in which Defendant argued that her sentence was unconstitutionally excessive and a manifest abuse of discretion. Defendant also asserted that the trial court failed to adequately consider applicable mitigating circumstances in determining the appropriate sentence to be imposed. The motion was summarily denied the following day. Defendant is now before this court on appeal asserting that her sentence is excessive. For the following reasons, we affirm.

---

[1] Defendant also entered a plea of guilty to possession of methadone and to the reduced charge of simple possession of marijuana in docket number 72,070. An appeal involving the sentence for possession of methadone is before this court in docket number 08-510.

1

**DISCUSSION**

In her sole assignment of error, Defendant argues that her sentence is excessive.[2] This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

---

[2]In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. An examination of the record herein revealed no errors patent.

2

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for theft over $300.00 but less than $500.00 is not more than two years, with or without hard labor, or a fine of not more than $2,000.00, or both. La.R.S. 14:67(B)(2). Thus, Defendant received half of the maximum possible sentence and was not fined. Defendant also received a significant benefit from her plea agreement. Prior to her guilty plea, Defendant faced a felony charge of possession of marijuana with intent to distribute in docket number 72,070, an unrelated offense, which carries a penalty of five to thirty years at hard labor and a fine of not more than $50,000.00. La.R.S. 40:966(B)(3). Defendant was allowed to plea guilty to the reduced charge of possession of marijuana, a misdemeanor, and received only six months in the parish jail to run concurrent with the instant sentence and a sentence for possession of methadone, in docket number 72,070.

Defendant was sentenced in this case and for the convictions in docket number 72,070 at the same time. At sentencing, the evidence considered by the trial court included a letter written by Defendant to the court, a certificate of baptism, documents from the office of community service, and a certificate of participation in a step program. After reviewing the facts of both offenses and the plea agreement between Defendant and the State, the trial court noted that there were no grounds that would tend to excuse or justify Defendant's conduct, that she had a history of alcohol and drug abuse, and that she was a second felony offender.

Considering that Defendant received only half of the possible maximum sentence and in light of the benefit received from her plea agreement, we find that the trial court did not abuse its sentencing discretion. Further, the record indicates that the trial court complied with the requirements of La.Code Crim.P. art. 894.1.

## CONCLUSION

For the forgoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**