Judgment rendered May 20, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,871-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

DAMION CAIN                                  Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. F-2023-188

Honorable Will R. Barham, Judge

* * * * *

LOUISIANA APPEALS AND                        Counsel for Appellant
WRIT SERVICE
By: Remy V. Starns
    Michael A. Mitchell
    Douglas D. Brown

PENNY WISE DOUCIERE                          Counsel for Appellee
District Attorney

K. DOUGLAS WHEELER
AMANDA M. WILKINS
Assistant District Attorneys

* * * * *

Before STONE, COX, and THOMPSON, JJ.

**THOMPSON, J.**

Damion Cain was convicted by a jury of home invasion, unauthorized use of a motor vehicle, and simple assault. The facts are not in dispute. He slashed the tires of his former girlfriend's vehicle, forcefully entered her home uninvited, threatened her with a knife, grabbed her by her neck, and forcibly removed her clothing while threatening sexual assault. After terrorizing his victim in her own home, Cain fled in a vehicle owned by a member of the victim's family without permission.

Following his convictions and original sentence, Cain was adjudicated in this proceeding as a habitual offender under applicable Louisiana law and sentenced accordingly. He now asks this Court to declare his enhanced sentence unconstitutional. We affirm.

## FACTS AND PROCEDURAL HISTORY

Damion Cain was convicted by a jury of home invasion, unauthorized use of a motor vehicle, and simple assault. The facts underlying those convictions are outlined in this Court's opinion, *State v. Cain*, 56,870 (La. App. 2 Cir. 5/20/26). Following his trial and a presentence investigation, Cain was sentenced to 30 years at hard labor on the home invasion conviction, two years at hard labor on the unauthorized use of a motor vehicle conviction, and 90 days in the parish jail on the simple assault conviction with all sentences to run concurrently. Subsequently,[1] the State filed a bill of habitual offender information against Cain, pursuant to La. R.S. 15:529.1, which provided the underlying convictions of distribution of schedule II controlled dangerous substance from 2019, aggravated battery

_____
[1] September 13, 2023.

from 2022, and the present home invasion and unauthorized use of a motor vehicle. At the habitual offender hearing,[2] Cain was adjudicated a habitual offender, and his original sentences were vacated, and through the application of the mechanisms of the habitual offender sentencing enhancements,[3] Cain was sentenced to 60 years at hard labor on the home invasion conviction and four years at hard labor on the unauthorized use of a motor vehicle conviction with both sentences to run concurrently, imposed without the benefit of probation, parole, or suspension of sentence. No motion to reconsider sentence was filed. Cain now appeals his habitual offender sentence as excessive.

## DISCUSSION

**<u>Assignment of Error</u>: The sentence of 60 years at hard labor is constitutionally excessive.**

Cain's principal argument is that his 60-year sentence, which resulted from his criminal history and Louisiana's habitual offender enhancements, is "excessive" under the Constitution. That claim rests in comparison to other cases, including *State v. Kennon*,[4] in which a sentence was vacated for a defendant with a non-violent history of drug offenses. A comparison of that defendant's criminal history to Cain's criminal history depicts significantly different circumstances, which merit different results.

Our Constitution does not require similar sentences for dissimilar defendants. Each defendant stands before the court with unique criminal records. This court considers the nature of defendants' prior convictions and

---

[2] March 20, 2024.

[3] La. R.S. 15:529.1(A)(1).

[4] 19-00998 (La. 9/1/20), 340 So. 3d 881.

current charges when reviewing the arduous process undertaken by trial courts in fashioning sentences for those whose continuing criminal endeavors repeatedly bring them before the court. *See State v. Horton,* 53,534 (La. App. 2 Cir. 11/18/20) 306 So. 3d 605, *writ denied*, 21-00163 (La. 5/25/21), 316 So. 3d 4. The Constitution forbids only those sentences that are grossly disproportionate to the offense or amount to the purposeless infliction of pain. The Legislature has established a standard of inquiry for challenging sentences imposed, and that standard is intentionally demanding.

Cain's conduct was not a mere technical violation or passive offense. He was incredibly violent, and his actions were personal and invasive as he forced his way, armed, into the victim's home. The threats, physical force, and deliberate intimidation inflicted during the home invasion are substantially removed from the non-violent drug offenses at issue in *Kennon, supra*.

Cain next seeks review of his sentences as being excessive because he should not be considered among the "worst offenders." Courts, however, identify the "worst offender" by examining the defendant before them. Cain's record is neither brief nor benign. His criminal history began in his youth and has persisted into adulthood, marked by burglary, robbery, drug distribution, and aggravated battery. Consistently throughout his interactions with our criminal justice system, he has been given opportunities— probation, suspended sentences, supervised release—and has repeatedly squandered them. The leniency granted to Cain has not served as a deterrent to his criminal and violent endeavors.

Notably, the instant violent offense was not an isolated outlier for Cain. It was a continuation of his established criminal behavior. The trial court, having reviewed a presentence investigation and considered the statutory factors, concluded that Cain posed a continuing threat and required substantial incarceration. The trial court was well within its authority and broad sentencing discretion in doing so, and we are not tasked to simply consider if some other sentence may have been more appropriate.[5]

This court is not charged with fashioning and imposing its own sentencing. Rather, we are constitutionally bound to a far narrower task, that of determining whether the sentence is so disproportionate as to shock the sense of justice.[6] Cain has not persuaded this court that such an exacting standard has been met here, especially when considering Cain's acts of violence and criminal history.

The trial judge thoroughly considered the factors contained in La. C. Cr. P. art. 894.1, discussing both aggravating and mitigating factors at length during original sentencing when imposing the statutory maximum sentences. The trial judge noted: (1) Cain's probation and parole records, which reflect a continued pattern of criminal behavior and failure to abide by the conditions ordered by the court and/or the parole board, indicating the likelihood he would commit more crimes and his need of correctional treatment; (2) all periods of Cain's supervision are currently in the revocation process or have been disposed of due to new felony arrests; (3)

---

[5] *State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957, *cert. denied*, 519 U.S. 1043, 117 S. Ct. 615, 136 L. Ed. 2d 539 (1996).

[6] *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Jackson*, 52,606 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1217, *writs denied,* 19-00699 (La. 10/15/19), 280 So. 3d 560 and 19-00797 (La. 1/28/20), 291 So. 3d 1056.

the home invasion was a serious crime, and that a lesser sentence would deprecate the seriousness of the offense, noting that a person's home is their place of refuge and should be a safe place; (4) Cain's conduct during the offense manifested deliberate cruelty to the victim, involved the use of violence against her, and impacted her both physically and economically.

Cain received a sentence within the statutory range prescribed by the Legislature for habitual offenders.[7] The Legislature has expressly determined that repeat offenders—those who persist in criminal conduct despite prior convictions—deserve enhanced punishment. On this topic, the Legislature has spoken, and the trial court appropriately considered the provisions for this habitual offender, which enhanced his original sentence as intended.

The severity of a 60-year sentence is not lost on this court, even for a repeat offender who commits a violent home invasion, coupled with a demonstrated history of recidivism. But our inquiry must be devoted to the constitutionality of a sentence, not simply its apparent severity.[8]

Finally, Cain's failure to file a motion to reconsider his sentence limits our review to constitutional excessiveness.[9] That limitation is not a mere technicality, as it has as its intended result directing sentencing challenges to the trial court. Having not exercised that opportunity, Cain now seeks broader review by this court than permitted, which pretermits further consideration.

---

[7] La. R.S. 15:529.1(A)(1).

[8] La. Const. art. I, § 20. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *Jackson, supra.*

[9] La. C. Cr. P. art. 881.1(E); *State v. Parker*, 54,947 (La. App. 2 Cir. 3/1/23), 358 So. 3d 220, *writ denied*, 23-00417 (La. 10/3/23), 370 So. 3d 1073; *State v. Nabors*, 53,357 (La. App. 2 Cir. 4/22/20), 295 So. 3d 974, *writ denied*, 20-00709 (La. 10/6/20), 302 So. 3d 527.

## CONCLUSION

The trial court considered the relevant factors, applied the governing statute, and imposed a sentence within the bounds of its discretion. Accordingly, we affirm Cain's habitual offender enhanced sentence of 60 years at hard labor for home invasion without the benefit of probation or suspension of sentence.

**AFFIRMED.**