781 So.2d 705 (2001)
STATE of Louisiana, Appellee,
v.
Gabriel JACKSON, Appellant.
No. 34,378-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2001.
*707 Wilson Rambo, Louisiana Appellate Project, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Jason W. Waltman, Tommy J. Johnson, Ross Stewart Owen, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, KOSTELKA and DREW, JJ.
*708 NORRIS, Chief Judge.
Gabriel Jackson was convicted of aggravated burglary, a violation of R.S. 14:60, adjudicated a second felony offender, and sentenced to 18 years hard labor without benefit of probation, parole, or suspension of sentence. He appeals his conviction and sentence. We amend the sentence and as amended, affirm.

Facts
Charleston Stroughter went to pick up his live-in girlfriend, Tammy Carson, from work. Upon returning home they noticed a window open and went to investigate. Stroughter checked the bedroom he was sharing with Carson, while Carson went to check the children's two bedrooms. Upon opening the door to the second bedroom, Carson saw two males and asked them what they were doing. Carson testified that one of the men, later identified as Jackson, pointed a gun at her. Stroughter overheard Carson talking to the men and came up behind Carson and saw the gun. While Carson ran out of the house to a neighbor's home to call the police, Stroughter fired at the two men. After he shot twice, his gun jammed and he left the room, first observing that both the men fell to the floor.
Officers responded to the shooting and Stroughter told them that the men were armed and had been shot. Officer Petterway testified that when they entered the house he saw a bloody .38 revolver in the hallway. Upon entering the bedroom, the officers observed that both men had been shot, Jackson in the right hand and Charles Harris, the other male, in the leg.
While en route to LSUMC via an ambulance, Jackson was accompanied by Officer Rosemary Smith. Officer Smith testified that Jackson started telling her how upset he was that Stroughter had shot him. He told her that he and Harris were only in the home to steal some clothes and to mess around. Jackson indicated that he should not have been shot for something that minor.
Detective H.D. Malone interviewed Jackson in the ER. Jackson told Detective Malone that he did not know Stroughter, who lived a few blocks away from him. He further told Detective Malone that he and Harris observed Stroughter leaving the house and saw the carport door open and decided, as a joke, to go into the house, mess around and steal some clothes; he and Stroughter were the same size. He stated that shortly after they entered the house he heard someone in the house, the light in the room went on, and Stroughter started shooting. Jackson denied having a gun.
After Jackson made his statement, Detective Malone told Jackson that the hammer of the .38 had been broken off in such a way that it had apparently been struck by a bullet. Detective Malone then told Jackson that his hand injury suggested he had been holding the .38 when the hammer was struck. Jackson then told Detective Malone that, without his knowledge, Harris had brought the gun and when shot, Harris dropped it. Jackson stated that he picked the gun up to throw it out of the room when he was shot by Stroughter.
Jackson was found guilty of aggravated burglary, adjudicated a second felony offender, and sentenced to 18 years at hard labor. Jackson appeals his conviction and sentencing, assigning as errors the sufficiency of the evidence, the introduction of certain photographs, the second felony adjudication, alleging his sentence was excessive, and alleging his counsel was ineffective for failing to file a Motion to Reconsider the sentence.[1]

*709 Sufficiency of Evidence

When issues are raised on appeal concerning the sufficiency of the evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The sufficiency issue is reviewed first because the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La. App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (1992).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Bellamy, supra.
Aggravated burglary is the unauthorized entering of any inhabited dwelling with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon. La. R.S. 14:60.
Jackson acknowledges that he was in Carson and Stroughter's home without their permission and with the intent to steal clothes. Jackson argues that the state did not prove he was armed with a dangerous weapon; he alleges that unbeknown to him Harris brought the gun in the house and Jackson only picked it up to throw it out of the room once Stroughter shot Harris. Additionally, Jackson cites to Stroughter's testimony that he first shot at Harris, which would indicate that Harris had the gun.
Carson and Stroughter testified that Jackson had the gun and pointed it at Carson. They both identified Jackson at the house and at trial as the individual who aimed the gun at them.
Sergeant Mark Rogers, an expert in the field of crime scene analysis, testified that he found a revolver with the hammer missing in the hallway of the house. Sergeant Rogers stated that the weapon was coated in fresh blood which effectively covered any fingerprints. In examining the weapon, Sergeant Rogers determined that the broken-off hammer, which was found in the room where Jackson and Harris were shot, was bent and discolored, indicating a great degree of contact and pressure on the edge next to the firing pin. Sergeant Rogers stated that it appeared as if an object had struck the hammer with sufficient force to bend the hammer and shear it off the rest of the hammer mechanism that was shielded inside the grip frame. Sergeant Rogers further stated that it appeared that when the hammer was hit the weapon was *710 cocked. Sergeant Rogers stated that the way the hammer was broken, the projectile would have probably caused an injury to the hand holding it; Jackson's wound on the top of his right hand between the index finger knuckle and thumb was in the location one would expect to find on someone holding the weapon when the hammer was broken off. Sergeant Rogers opined that, based on the damage to the hammer and Jackson's injuries, Jackson was holding the revolver at the time the shot was fired and struck the hammer, the hammer had to be cocked, and weapon was pointed in the general direction of the source of the bullet that struck the hammer.
Based on Carson and Stroughter's eyewitness testimony, and Sergeant Roger's expert testimony, the jury reasonably concluded that Jackson had the revolver in his hand and pointing it at Carson when he was shot by Stroughter. The state proved beyond a reasonable doubt that Jackson entered Carson and Stroughter's home without permission, with the intent to commit a theft, armed with a dangerous weapon. This assignment of error lacks merit.

Introduction of Photographs
During the trial, defense counsel objected to the introduction into evidence of photographs labeled S-26, S-27, S-30, S-31, and S-32. Jackson argues that the crime scene photos depicting the scene of the shooting were prejudicial to him and served to inflame the passions of the jury and that the photos contained gruesome material.
Photographs are generally admissible if they illustrate any fact, shed any light upon an issue in the case, or are relevant to describe the person, thing or place depicted. State v. Jackson, 30,473 (La.App.2d Cir.5/13/98), 714 So.2d 87, writ denied 98-1778 (La.11/6/98), 727 So.2d 444; State v. Washington, 30,866 (La.App. 2 Cir. 8/19/98), 716 So.2d 936, writ denied, 98-2473 (La.1/8/99), 734 So.2d 1229. Photographs are not admissible if they are so gruesome as to overwhelm the jurors' reason and lead them to convict the defendant without sufficient other evidence. State v. Jordan, 31,568 (La.App. 2 Cir.2/24/99), 728 So.2d 954, writ denied, 99-0893 (La.10/8/99), 750 So.2d 177; State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865, cert. denied, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997). A trial court's ruling in this regard will only be disturbed if the prejudicial effect of the photographs clearly outweighs the probative value. Id.; State v. Washington, supra.
Exhibit S-26 showed images of the bloodstained floor and a bloodstained shirt. Exhibit S-27 was a photograph of the east wall along with some clothing, bloodstains, and shoe impressions in blood on the floor. Exhibits S-30, S-31, and S-32 were photos of the bedroom where the shooting took place, illustrating the location of the hammer detached from the revolver.
Jackson argues that the blood depicted in the photos prejudiced him because it served only to inflame the passions of the jury. Exhibits S-26 and S-27 gave the jury a sense of the crime scene and corroborated the activity of stealing clothes. Exhibits S-30, S-31, and S-32 established the fact that the hammer on the revolver was found in the room, supporting Carson's, Stroughter's and Sergeant Roger's testimony that the gun was in the room when Jackson was shot. Thus, these exhibits were used to clarify facts concerning the shooting. The trial court did not abuse its discretion in admitting these photos. Their probative value under the circumstances of this case outweighs any prejudice to Jackson. This assignment of error is therefore without merit.

*711 Habitual Offender Adjudication

For the first time on appeal, Jackson challenges his habitual offender adjudication. In particular, he argues that the guilty plea for his 1995 aggravated battery conviction was not constitutionally obtained because the court failed to Boykinize him.
"A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." La. R.S. 15:529.1D(1)(b)
In this case, Jackson not only failed to file a written response to the habitual offender bill of information, but he also did not object on a constitutional basis to the use of his predicate offense during the habitual offender hearing. Accordingly, Jackson is not entitled to raise that complaint for purposes of appellate review. State v. Hunter, 33,066 (La.App. 2 Cir.9/27/00), 768 So.2d 687; State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678.
Additionally, a review of the Boykin transcripts of the prior offense affirmatively shows that the trial judge advised Jackson, who was present with his counselor, of his right to confrontation, his right to remain silent, and his right to a trial by jury when he accepted the 1995 plea. Additionally, the judge went into detail with Jackson about his rights and the charges against him because Jackson was making an Alford plea. This assignment lacks merit.

Excessive Sentence
Jackson argues that his 18 year sentence at hard labor without benefit of probation, parole, or suspension of sentence is constitutionally excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2 Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
The second prong of the test addresses whether the sentence imposed is too severe or excessive in light of the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); *712 State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The trial court denied Jackson's motion to reconsider sentence because it was untimely filed. Therefore, review of his sentence is relegated to a review for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
Since Jackson was adjudicated a second felony offender, La. R.S. 15:529.1 provided for a sentencing range of 15 to 60 years at hard labor without benefit of probation or suspension of sentence. Jackson was convicted of aggravated burglary where he entered a home and pointed a loaded weapon at one of the occupants. He placed himself into a situation where another person felt the need to fire his own weapon to protect himself and his girlfriend. Luckily, Carson's children were with their grandparents when an armed stranger entered their room.
Jackson had a previous conviction for aggravated battery where he was identified as the shooter involved in a drive-by shooting in which a person was injured. Although Jackson's plea was an Alford plea, the court noted that there was a factual basis for it. Jackson received three years at hard labor for the offense and was on parole at the time of the instant offense.
Although the trial judge did not fully articulate his reasons for sentencing Jackson to 18 years at hard labor without the benefit of probation or suspension of sentence, the record clearly shows an adequate factual basis for the sentence imposed. State v. Lanclos, supra. The record clearly shows that 18 years at hard labor for an individual who continually places himself and others in a position where there is a great likelihood of someone being injured or killed is not excessive. This assignment of error lacks merit.

Error Patent
We note that Jackson was sentenced to 18 years at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:60 does not provide that any sentence imposed for aggravated burglary be without benefit of probation, parole, or suspension of sentence. La. R.S. 15:529.1G provides that any sentence imposed under the habitual offender statute be imposed without benefit of probation or suspension of sentence. Accordingly, the trial court erred in imposing Jackson's sentence without benefit of parole. As such, the sentence of the trial court is vacated only to the extent that it eliminates from Jackson's sentence the conditions required by law, and we amend the sentence to provide that Jackson serve 18 years at hard labor without benefit of probation or suspension of sentence only. State v. Hunter, 33,066 (La.App.2d Cir.9/27/00), 768 So.2d 687. The district court is directed to make a minute entry reflecting this change and to send a certified copy of the new minutes to Jackson and to the relevant prison authorities.
The trial court informed Jackson that he had three years from the finality of his conviction and sentence to file for post-conviction relief. Since a 1999 amendment, the correct prescriptive period applicable to this conviction and sentence is two years as opposed to the prior three-year period. La.C.Cr.P. art. 930.8.
The trial court is hereby directed to provide Jackson with written notice that the prescriptive period for applying for post-conviction relief is two years from the date his judgment of conviction and sentence becomes final. This notice should be sent to Jackson within thirty days of the rendition of this opinion and the trial court clerk is directed to file proof of Jackson's receipt of the notice in the record of this *713 proceeding. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

Conclusion
We affirm Jackson's conviction. We amend Jackson's sentence to reflect that the sentence imposed is served with the benefit of parole. As amended, we affirm Jackson's sentence.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Jackson failed to brief his assignment alleging ineffective assistance of counsel. Assignments of error which are neither briefed nor argued are deemed abandoned. URCA Rule 2-12.4; State v. Adkins, 31,300 (La.App.2d Cir.11/9/98), 721 So.2d 1090.