STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-134

STATE OF LOUISIANA

VERSUS

RONALD LAZARO

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 8586-10
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Carla Sue Sigler**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA   70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Ronald Lazaro**

**AMY, Judge.**

The defendant was charged with attempted first degree murder, aggravated burglary, and obstruction of justice. After a trial, the jury returned a verdict of not guilty on the attempted first degree murder charge and verdicts of guilty with regard to the aggravated burglary and obstruction of justice charges. The trial court sentenced the defendant to eighteen years in the custody of the Department of Corrections for the aggravated burglary conviction and two years in the custody of the Department of Corrections for the obstruction of justice conviction. The trial court also ordered that the sentences be served concurrently. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, the victim, Marcus Wade, returned home while a burglary was still in progress. According to Mr. Wade's testimony, once he realized that something was wrong and that someone else was in the house, he went outside and called 9-1-1. Two men, one in a white hoodie and the other in a black hoodie, fled the house. Mr. Wade testified that the man wearing a black hoodie pulled out a gun and fired several shots at him. After the men were picked up by a car, Mr. Wade gave the 9-1-1 operator a description of the vehicle. Deputy Christopher Wilrye of the Calcasieu Parish Sheriff's Office testified that he responded to the call and that, shortly thereafter, he saw a vehicle matching that description. According to Deputy Wilrye, after he signaled the vehicle to stop, the rear passenger door opened and he saw some items being thrown out. Although the car stopped and pulled over, it then got back on the roadway. Deputy Wilrye estimated that the vehicle stopped again after 100-150 yards.

The record indicates that a ring and two hoodies, one white and one black, were found inside the vehicle. Further, Detective Darrell Fontenot with the Calcasieu

Parish Sheriff's Office testified that he located some jewelry, later identified as Mr. Wade's wife's jewelry, on the side of the road. Officers also recovered two backpacks containing electronic equipment and two handguns. Mr. Wade testified that three handguns were missing from his house—a .38 Smith and Wesson revolver, a .357 Smith and Wesson revolver, and a 9mm Smith and Wesson semi-automatic. The record indicates that only the .357 revolver and the 9mm semi-automatic were recovered.

All three of the men inside the vehicle were arrested, including the defendant, Ronald Lazaro, and two co-conspirators, Tony Washington and Zachary England. After waiving his rights, the defendant gave a statement to the police, admitting that he was involved in the burglary of the Wades' house and that he had taken a handgun. The defendant also claimed that he heard shots but did not know who was shooting. Additionally, the defendant stated that he had worn a black hoodie.

Thereafter, the State charged the defendant with one count of attempted first degree murder, a violation of La.R.S 14:27 and 14:30; one count of aggravated burglary, a violation of La.R.S. 14:60; and one count of obstruction of justice, a violation of La.R.S. 14:130.1(A)(1). After a trial, the jury returned a verdict of not guilty with regard to the attempted first degree murder charge and verdicts of guilty for the aggravated burglary and obstruction of justice charges.

The trial court conducted a sentencing hearing and imposed a sentence of two years in the custody of the Department of Corrections for the obstruction of justice charge and eighteen years in the custody of the Department of Corrections for the aggravated burglary charge. The trial court also ordered that the sentences run concurrently with each other. The defendant subsequently filed a *pro se* motion for reconsideration. The trial court denied that motion, finding that the defendant's alleged grounds for reconsideration were not proper.

2

The defendant now appeals, asserting as error that:

1. The prosecution failed to prove an essential element of Aggravated Burglary by not proving that Ronald Lazaro was armed with a dangerous weapon in the victim's residence at the same time the victim was present in the residence.

2. The trial judge imposed an excessive sentence of 18 years imprisonment at Hard Labor against a 19-year old, first-time felony offender for Aggravated Battery [sic].

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one such error insofar as the record does not indicate that the trial court advised the defendant of the prescriptive period for filing for post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, we direct the trial court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion. Additionally, we direct the trial court to file written proof in the record that the defendant received the notice.

*Sufficiency of the Evidence*

The defendant's first assignment of error addresses the sufficiency of the evidence.[1] More specifically, the defendant contends that in order for his conviction for aggravated burglary to stand, he must have been armed with a dangerous weapon contemporaneously with the victim's presence in the house. In the defendant's view, the State only presented evidence that the defendant "armed himself" when, after exiting the house, he allegedly pulled one of Mr. Wade's stolen handguns out of a backpack and pointed it at the victim.

---

[1] The defendant does not argue that there was insufficient evidence to support his conviction for obstruction of justice, a violation of La.R.S. 14:130.1(A)(1). Therefore, we do not address the propriety of that conviction. Uniform Rules—Courts of Appeal, Rule 1-3.

When a defendant asserts several errors on appeal, and sufficiency of the evidence is one of the alleged errors, the appellate court should first address the sufficiency of the evidence allegation. *State v. Jacobs*, 07-1370 (La.App. 3 Cir. 6/5/08), 987 So.2d 286 (citing *State v. Hearold*, 603 So.2d 731 (La.1992)), *writ denied*, 08-2000 (La. 4/3/09), 6 So.3d 769. In reviewing a sufficiency of the evidence claim,

> the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See King*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

*State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27. Further, it is not the province of the appellate court to assess the credibility of witnesses or reweigh evidence. *State v. Hollier*, 09-1084 (La.App. 3 Cir. 4/7/10), 37 So.3d 466, *writ denied*, 10-1037 (La. 12/10/10), 51 So.3d 722.

Louisiana Revised Statutes 14:60 addresses the crime of aggravated burglary, stating, in pertinent part:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
>
> (1) Is armed with a dangerous weapon; or
>
> (2) After entering arms himself with a dangerous weapon; or
>
> (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

We find no merit to the defendant's contention that La.R.S. 14:60 requires the contemporaneous presence of both the armed perpetrator and the victim. As noted in the reporter's comment to La.R.S. 14:60:

> In cases involving a structure, water craft, or movable, however, it is necessary that someone be present when the crime is committed. If no one is present in such cases the crime can only be simple burglary. In the case of dwellings, inhabitation is all that is necessary; whether someone is actually there at the time of the crime is unimportant.

We observe that the supreme court addressed this question in *State v. Hicks*, 286 So.2d 331, 332 (La.1973), finding that "[i]t is not essential to the crime of aggravated burglary of an inhabited dwelling that a person be present in the dwelling at the time of the unauthorized entry." *See also State v. Hall*, 35,151 (La.App. 2 Cir. 9/26/01), 796 So.2d 164.

Mr. Wade testified that he lived at the property and that he returned home to find his cabinets open and things strewn about the house. He also heard someone in the back bedroom and saw the shadow of a person in his son's room. Mr. Wade then fled and called 9-1-1 to report a burglary. In his statement, the defendant admitted opening the door to Mr. Wade's house and putting a handgun "along with other things [he] was taking" in a backpack. Accordingly, we find sufficient evidence in the record to support a conclusion that the defendant entered an inhabited dwelling without authorization with the intent to commit a theft therein.

As relevant to the facts of this case, La.R.S. 14:60(2) requires that "[a]fter entering [the accused] arms himself with a dangerous weapon." The defendant contends that there is no evidence that he had already stolen a handgun while Mr. Wade was present in the house. However, as previously discussed, Mr. Wade's presence in the house was not necessary for the completion of the crime. The defendant simply had to arm himself with a dangerous weapon at some point after entering in order to meet the requirements of La.R.S. 14:60(2). There is sufficient

5

evidence in the record to support a conclusion that the defendant did so. Mr. Wade testified that all three of his handguns were missing, including two revolvers and a semi-automatic. In his statement, the defendant admitted taking a handgun and placing into a backpack. Further, Detective Fontenot testified that he recovered two backpacks from the road which contained, among other items, a semi-automatic pistol and a revolver.

Additionally, the defendant argues that he did not "arm himself until the stolen gun was removed from the backpack." However, we find no merit in this contention. The defendant admitted that he stole at least one handgun while inside the Wades' residence and placed it into a backpack, where it was readily available. We note that the firearm was accessible enough that, at least according to Mr. Wade's testimony, the defendant was able to access it and shoot at Mr. Wade.[2] *Compare State v. Goodley*, 00-846 (La.App. 3 Cir. 12/11/02), 832 So.2d 1165 (Finding that the presence of a sawed-off shotgun in the trunk of an armed robbery defendant's car was inadmissible "other crimes" evidence and did not show that the defendant was arming himself for the robbery, as it was inaccessible and there was no evidence that the shotgun ever left the trunk of the car).

When viewed in the light most favorable to the prosecution, the record contains sufficient evidence to prove that the defendant entered the Wades' house, i.e., an inhabited dwelling, without authorization, and with the intent to commit a theft. Further, the record contains sufficient evidence to prove that, after entering, the defendant stole a handgun, thereby arming himself with a firearm. Accordingly, the facts in the record, when viewed in the light most favorable to the prosecution, are sufficient such that the jury could have found all of the essential elements of the crime

---

[2] Mr. Wade testified that the burglar in the black hoodie "pulled the pistol and pointed at me and began to shoot."

6

of aggravated burglary, a violation of La.R.S. 14:60, beyond a reasonable doubt. *See Lambert*, 720 So.2d 724.

This assignment of error is without merit.

*Excessive Sentence*

The defendant also asserts that his sentence for aggravated burglary is excessive.[3] In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court addressed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

A sentence within the statutory limits may still be reviewed for constitutional excessiveness. *State v. Lewis*, 09-783 (La.App. 5 Cir. 5/28/10), 43 So.3d 973 (citing *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1). Further, in considering whether a sentence is constitutionally excessive, the appellate court "may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

---

[3] The defendant does not challenge his sentence for obstruction of justice. Accordingly, we do not address that issue. *See* Uniform Rules—Courts of Appeal, Rule 1-3.

Pursuant to La.R.S. 14:60, "[w]hoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years." The defendant was sentenced to eighteen years in the custody of the Department of Corrections on the aggravated burglary conviction and two years in the custody of the Department of Corrections on the obstruction of justice conviction. The trial court ordered that the two sentences run concurrently.

The record indicates that the defendant was nineteen years old at the time of the offense and is considered a first felony offender. However, the trial court noted that, at the time of sentencing, the defendant had two drug possession charges pending and another drug possession charge that had been rejected. The trial court was especially concerned that the defendant armed himself with a dangerous weapon while he was taking things from the victim's home.

With regard to the nature of the crime, the record indicates that the defendant and an accomplice broke into the Wades' house. Another accomplice acted as the "getaway driver." Once inside the house, the defendant took many items from Mr. Wade and his family, including firearms, electronics, and jewelry, which included several sentimental items. When Mr. Wade unexpectedly returned home, the burglars fled. According to Mr. Wade, as the defendant was exiting the house, he brandished one of the stolen handguns at Mr. Wade and fired several shots.[4] The defendant and his accomplice were picked up by the getaway driver. Shortly thereafter, when law enforcement officers attempted to apprehend the trio, they began to throw the stolen goods out of the vehicle. Additionally, after law enforcement officers signaled the vehicle to pull over, one of the defendant's accomplices initially stopped the vehicle, but then pulled back onto the roadway and continued driving. Mr. Wade testified that

---

[4] We note that, at the sentencing hearing, the trial court stated that "[t]he jury heard testimony, didn't believe that the State had proved beyond reasonable doubt that he fired the weapon. I am not sure why."

the defendant's actions affected him and his family "not from that day, but probably [for] the rest of our li[ves.]"

With regard to the sentences imposed in comparable cases, in *State v. Cormier*, 534 So.2d 994 (La.App. 3 Cir. 1988), *writ denied*, 587 So.2d 691 (La.1991), a nineteen-year-old first felony offender with a history of drug problems was sentenced to twenty years for aggravated burglary after breaking into his great-grandmother's house and attacking her with a hatchet when he found no money therein. A panel of this court found no error in the defendant's sentence. Further, although the defendant in *State v. Robinson*, 01-1458 (La.App. 4 Cir. 4/24/02), 818 So.2d 246, *writ denied*, 02-2064 (La. 6/20/03), 847 So.2d 1222, was a nineteen-year-old second felony offender, the fourth circuit found that the defendant's habitual offender sentence of fifty years[5] was not excessive considering that the defendant and an accomplice forced their way into an elderly widow's home, pushed her into chair, and forcibly removed her wedding ring. Similarly, in *State v. Jackson*, 34,378 (La.App. 2 Cir. 2/28/01), 781 So.2d 705, *writs denied*, 01-1234, 01-1444 (La. 3/15/02), 811 So.2d 898-99, a second felony offender was convicted of aggravated burglary and sentenced to eighteen years after he entered a home and pointed a loaded weapon at one of the occupants. The second circuit found that the defendant's sentence was not excessive.

Pursuant to this review, we find that the defendant's sentence for aggravated burglary is not "so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals." *Barling*, 779 So.2d at 1042. Although the defendant is nineteen and a first felony offender, he had several pending criminal charges at the time of sentencing. While the record indicates that the victim did not receive any physical

---

[5] The defendant in *Robinson* was initially sentenced to a twenty-five year term for the aggravated burglary charge, but was re-sentenced as a second offender under La.R.S. 15:529.1 to fifty years at hard labor.

9

injuries, he testified that the defendant's crime will affect him and his family probably for the rest of their lives. Further, the defendant's sentence is within statutory limits and a review of similar cases indicates that the defendant's sentence is not an outlier. Accordingly, the trial court did not abuse its great discretion in imposing this mid-range sentence for aggravated burglary, and we find no merit to the defendant's contention that his sentence is unconstitutionally excessive.

### DECREE

The convictions of the defendant, Ronald Lazaro, for one count of aggravated burglary and one count of obstruction of justice are affirmed. The defendant's sentences are affirmed. The trial court is directed to notify the defendant of the provisions of La.Code Civ.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion. Additionally, we direct the trial court to file written proof in the record that the defendant received the notice.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS.**