# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-1355

STATE OF LOUISIANA

VERSUS

WADE A. TOLLIVER A/K/A WADE W. TOLLIVER, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR127549
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Michael Harson**
**District Attorney - 15th Judicial District Court**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**Telephone:  (337) 232-5170**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Brent A. Hawkins**
**Louisiana Appellate Project**
**P. O. Box 3752**
**Lake Charles, LA 70602**
**Telephone:  (337) 502-5146**
**COUNSEL FOR:**
    **Defendant/Appellant - Wade A. Tolliver a/k/a Wade W. Tolliver, Jr.**

**Allan P. Haney**
**Assistant District Attorney - 15th Judicial District Court**
**P. O. Box 4308**
**Lafayette, LA 70502**
**Telephone: (337) 291-7009**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**THIBODEAUX, Chief Judge.**

The State charged Defendant, Wade A. Tolliver, a/k/a Wade W. Tolliver, Jr., with attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1; attempted armed robbery, in violation of La.R.S. 14:27 and 14:64; aggravated battery, in violation of La.R.S. 14:34; possession of a firearm by a convicted felon, in violation of La.R.S 14:95.1; and aggravated burglary, in violation of La.R.S. 14:60. He pled guilty to aggravated burglary; the State dismissed the other counts and agreed not to file a habitual offender bill.

The trial court sentenced Defendant to twenty-five years at hard labor. Defendant now appeals his sentence, claiming it is excessive. We affirm Defendant's sentence.

## I.

## ISSUE

We will determine whether the sentence the trial court imposed on Defendant is excessive.

## II.

## FACTS AND PROCEDURAL HISTORY

The victims, Mr. and Mrs. Albert Harris, stopped for the night at the America's Best Value Inn in Lafayette Parish. At a preliminary hearing,[1] Mr. Harris testified that shortly before 10:00 p.m., a black male between the ages of twenty and thirty knocked on the door. Mr. Harris looked out the window and saw

---

[1]A preliminary examination was held to preserve the testimony of Mr. Harris.

Defendant.[2]  When Defendant motioned for Mr. Harris to open the door, Mr. Harris opened the door slightly.  Mr. Harris then saw a gun in Defendant's hand and tried to close the door quickly.  After a struggle, Defendant entered the hotel room.  Mrs. Harris was able to flee the room and call for help.  Defendant moved through the room and jerked the hotel phone out of the wall.  He then hit Mr. Harris over the head, causing him to bleed profusely.  Mr. Harris stated that Defendant fled the room and escaped on a bicycle.  The police later apprehended Defendant and brought him to the hotel, where Mr. Harris identified him as the assailant.

Defendant and the State entered into a plea agreement.  In exchange for Defendant's plea of guilty to the charge of aggravated burglary, the State agreed not to enhance Defendant's sentence through a habitual offender bill, and it dismissed the other charges.  The sentencing range for the offense of aggravated burglary is not less than one, nor more than thirty years at hard labor.  Defendant received a sentence of twenty-five years at hard labor.  He now appeals.

III.

**LAW AND DISCUSSION**

In his sole assignment of error, Defendant argues his twenty-five year sentence is excessive.  As there was no motion to reconsider sentence, he is limited to a bare claim of excessiveness, as this court has explained:

> Since Defendant did not object to his sentence or file a motion to reconsider sentence, he is relegated to a bare claim of excessiveness.
>
> This court has set forth the following standard to be used in reviewing excessive sentence claims:

_____

[2]In court, Mr. Harris identified Defendant as the perpetrator.

2

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

To decide whether a sentence shocks one's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the

3

> trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.
>
> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Jackson*, 11-923, pp. 2-3 (La.App. 3 Cir. 6/6/12), 92 So.3d 1243, 1245-46, *writ denied*, 12-1540 (La. 1/18/13), 107 So.3d 626.

Louisiana Revised Statutes 14:60 sets forth a sentencing range of one to thirty years at hard labor for aggravated battery. Thus, Defendant's sentence is in the upper range of possible sentences for aggravated burglary. We note, however, that the trial court carefully considered Defendant's presentence report as well as the specific circumstances of the crime.

Indeed, Defendant has two prior felony convictions, and he has been on probation/parole for the last ten years. His probation/parole has been revoked on at least three occasions. In the commission of this crime, Defendant showed a reckless disregard for life and preyed on vulnerable victims. Specifically, Defendant ambushed two innocent, elderly individuals. His actions indicate that he was aggressive and knew that his behavior was wrong. For example, Defendant continuously tried to stick his gun through the crack between the hotel room door and the door jamb. Once he gained entry to the room, he jerked the phone out of the wall, thereby preventing Mr. or Mrs. Harris from calling for help. He then violently attacked Mr. Harris.

Thus, this was a violent offense against vulnerable individuals, and Defendant's past convictions and behavior indicate that he should be removed from society.

We note this court's earlier discussion of a sentence for aggravated burglary:

> [T]he trial court did not abuse its considerable discretion when it sentenced Defendant to thirty years at hard labor considering the circumstance of the case and Defendant's criminal history. As noted by the trial court, Defendant is a five-time felony offender and has an extensive arrest record. In *State v. Thompson*, 39,454, 39,455 (La.App. 2 Cir. 3/2/05), 894 So.2d 1268, cited by the trial court in the present case as a comparison, Thompson was convicted of aggravated burglary and received the maximum sentence of thirty years. The second circuit affirmed the sentence, noting that Thompson was a four-time felony offender and had a lengthy criminal past. The second circuit further stated, "Defendant was the worst type of offender. The crimes were committed in a manner that endangered the lives of several people and with total disregard for public safety . . . it was clear that [Thompson] had not benefited from his previous incarcerations and that, this time, he would be sent away to serve the interest of public safety." *Id.* at 1285.
>
> Under the circumstances of the case as set forth by the trial court above and considering Defendant's extensive criminal history, Defendant's maximum sentence was not such that would shock this court's sense of justice. Accordingly, there is no merit to this claim.

*State v. Brandenburg*, 06-1158, pp. 30-31 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, 646, *writs denied*, 07-538, 07-614 (La. 10/26/07), 966 So.2d 571, 966 So.2d 573.

Thus, the current sentence is not "outside the norms of Louisiana jurisprudence." *State v. Office*, 07-193, p. 12 (La.App. 3 Cir. 10/3/07), 967 So.2d 1185, 1194, *writ denied*, 07-2274 (La. 4/18/08), 978 So.2d 348.

We find that due to the violent nature of the crime, the trial court's sentence of twenty-five years at hard labor was not an abuse of discretion.

IV.

## DECREE

We affirm the trial court's judgment sentencing Defendant to twenty-five years at hard labor for the crime of aggravated burglary.

**AFFIRMED.**