STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-205

STATE OF LOUISIANA

VERSUS

WAYLON P. SAULS, II

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2012-2465
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED WITH INSTRUCTIONS.**

**Herbert Todd Nesom**
**District Attorney 33rd JDC**
**Joe Green**
**Assistant District Attorney**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**400 Travis St., Suite 1702**
**Shreveport, LA 71101-3144**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Waylon P. Sauls, II**

**PICKETT, Judge.**

## FACTS

According to the bill of information, on or about June 5, 2012, the defendant, Waylon P. Sauls, II, "committed aggravated burglary of the dwelling . . .committing a battery upon any person while in such a place, or in entering or leaving such place[.]"  Additionally, the bill of information charges that on or about June 5, 2012, the defendant "did knowingly and intentionally possess a Schedule II Controlled Dangerous Substance, to wit:  Cocaine[.]"

On August 28, 2012, the defendant was charged by bill of information with one count of aggravated burglary, a violation of La.R.S. 14:60; one count of attempted forcible rape, a violation of La.R.S. 14:42.1 and La.R.S. 14:27; one count of possession of cocaine, a violation of La.R.S. 40:967(C)(2); and one count of possession of drug paraphernalia, first offense, a violation of La.R.S. 40:1023(C) and La.R.S. 40:1025.  On September 24, 2012, the defendant entered a not guilty plea to each count.  Thereafter, on April 9, 2013, the defendant entered a plea of no contest to aggravated burglary and possession of cocaine in exchange for the state's dismissal of the remaining charges.[1]  At a sentencing hearing held on June 27, 2013, the trial court imposed the following sentence for aggravated burglary—fifteen years at hard labor, three years suspended, and five years of supervised probation.  As a special condition of probation, the trial court ordered the defendant to have no contact with the victim or her family.

On July 12, 2013, the defendant filed a Motion to Reconsider Sentence, claiming that the sentence imposed is excessive.  The trial court denied the motion

---

[1]The minutes of the no contest plea reflect the date of the plea as March 9, 2013.  Both the written plea and transcript, however, indicate the plea was taken on April 9, 2013.

to reconsider sentence on August 14, 2013.  Recognizing, however, that it had not imposed a sentence for possession of cocaine, the trial court imposed a sentence on that count of one year at hard labor.  The trial court ordered the sentence to run concurrently with the sentence imposed for aggravated burglary.

On October 14, 2013, the defendant filed a Post-Conviction Application for an Out of Time Appeal.  At a hearing held on December 12, 2013, the trial court granted the motion for out-of-time appeal.  The defendant is now before this court, alleging one assignment of error as to the sentences imposed.

## ASSIGNMENT OF ERROR

The trial court erred in imposing a sentence herein that is unconstitutionally excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record.  After reviewing the record, we find there are no errors patent.  However, the minute entry of June 27, 2013, is in need of correction.

On June 27, 2013, the defendant was sentenced for the conviction of aggravated burglary.  Although the transcript of the June 27 proceeding indicates it was for the imposition of sentence on the aggravated burglary conviction, the minute entry does not set forth for which conviction the sentence was imposed. *See* La.Code Crim.P. art. 781 and *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, the trial court is ordered to amend the minute entry of June 27, 2013, to reflect the conviction for which the sentence was imposed.

2

## DISCUSSION

The defendant argues that the trial court imposed an unconstitutionally excessive sentence. The defendant contends that the sentence is excessive in light of the fact that he was a thirty-five-year-old father of two at the time of sentencing, he was employed as a laborer for ten years, he was married when he committed the crime, he was under the influence of drugs when he committed the crime, and he was stabbed during the crime. The defendant argues that "[g]iven these facts, in this specific case, this sentence fails to provide Waylon P. Sauls with the opportunity to be rehabilitated and to reenter society as a productive member while being punished in a reasonable manner." The state, on the other hand, argues that the sentence imposed is reasonable considering the circumstances of the offense, the plea considerations, and the defendant's record. For the reasons that follow, we find the defendant's sentences are not excessive.

In his Motion to Reconsider Sentence, the defendant's sole contention was that his sentence is excessive. Likewise, on appeal, the defendant's sole argument is that his sentence is excessive.

> The law is well-settled concerning the standard to be used in reviewing excessive sentence claims:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067.

3

> The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

[E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of - the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*State v. Decuir*, 10-1112, pp. 11-13 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790-91.

Although the defendant was originally charged with aggravated burglary, attempted forcible rape, possession of cocaine, and possession of drug paraphernalia, the state agreed to dismiss the attempted forcible rape and possession of drug paraphernalia charges in exchange for the defendant's no contest pleas to aggravated burglary and possession of cocaine. For aggravated burglary, the defendant was sentenced to fifteen years at hard labor, three years

4

suspended, and five years of supervised probation. The penalty range for aggravated burglary is not less than one nor more than thirty years at hard labor. La.R.S. 14:60. Thus, the defendant received a mid-range sentence for aggravated burglary.

For possession of cocaine, the defendant was sentenced to one year at hard labor to run concurrently with the sentence imposed for aggravated burglary. The penalty range for possession of cocaine is not more than five years with or without hard labor and a fine of not more than $5,000.00. La.R.S. 40:967(C)(2). Thus, the defendant received a near-minimum sentence for possession of cocaine, and the sentences were ordered to run concurrently.

At the sentencing hearing, the victim made a statement to the court. The victim testified that because of the defendant, she and her children no longer feel safe at home:

> Over a year ago my life changed. Not only for me, but for my children and my family. A home to me is a place we seek for comfort and safety and a place that wherever we are we feel happy and at peace when we come back to it. But for me and my family, especially my daughter, it doesn't feel that way anymore. Waylon Perry Sauls uninvitedly came into my home where we were asleep in an attempt to harm me or even my children. I am a construction worker's wife. My husband travels for eighty-five percent of the year. Waylon Perry Sauls knew this and took that information, that knowledge, to use for his advantage. He took my comfort, our peace away. Yes, it has been over a year but everyday when we put our security code for our home and double check every lock and every door, not one night goes by where we don't do that, we are reminded when my daughter can go days to months and then asks me where is he at. We are reminded. I protected myself that night and I protected my children and I will continue to do that. My question is, will you? All I ask is that the appropriate sentence be served and that he has time to be reminded too, everyday of what he took away from an innocent family. Thank you.

The defendant also made the following statement to the court:

> I don't remember nothing that happened that night. I was completely out of it. All I remember is eating a handful of pills an [sic] laying on my couch and then I woke up stabbed with a knife. But as for ever hurting Jessica, I love Jessica like a sister. She loved my children just as much as I did. I mean, I have caused total embarrassment and pain to the family that I love that's been my family for twelve years. And I truly am sorry and I do think about it everyday, even though I don't know what happened. I know that I hurt Jessica and I know that I hurt Trey, my brother and sister at the time. I embarrassed Mr. Clegg and he was like my daddy. It just kills me just as much as it kills them, especially not being able to remember none of it.

After making sure the defendant was provided a copy of the Presentence Investigation (PSI) report, the trial court stated the following in support of the sentence imposed:

> Well, you know, when a person looks at this particular case, you can look at it from two different view points. When you look at the definition of aggravated burglary, you know it's a burglary where there's a battery. In this particular case, I suppose some people could look at the battery and say, "Oh, it really wasn't that bad. He just pushed her on the bed and everything." But when you look at all of the facts of this particular case, it is quite troubling. You know, I don't know. You said that you were out of your mind on drugs. I don't know what you intended to do, whether you intended to rape her or kill her. Who knows? You don't even know. So when you look at the facts of this case, it is very troubling and the fact that Ms. Chaumont had to protect herself and stab you shows just what a serious situation it is. And I can only imagine, you know, the pain that the family goes through. I've never had anything such as this, such as a home invasion or an aggravated burglary or anything like that, although I have had people steal stuff from around my house. My wife is deaf, so when she goes to sleep, she's not able to hear. So I have to listen for the entire family and I don't sleep well at night just because of something as simple as somebody stealing stuff from around my house. I can only imagine the pain of the family.

Before imposing sentence, the trial court noted that the PSI indicates the defendant is a second felony offender. As for the defendant's probation and parole record, the PSI states that the defendant was convicted of simple robbery on September 8, 1999. While on probation for that offense, the defendant committed

6

several violations. First, on June 22, 2001, the defendant was arrested for disturbing the peace by fighting and resisting arrest. Then, on April 8, 2002, the defendant tested positive for marijuana. Subsequently, on October 24, 2002, the defendant was arrested for aggravated battery. In addition to the criminal activity, the defendant failed to make payments towards his supervision fees and court ordered fines. Based on these violations, the defendant's probation was revoked on February 20, 2003.

Considering the defendant's prior criminal history and the benefit the defendant received by the state's dismissal of the attempted forcible rape and possession of drug paraphernalia charges, the mid-range sentence imposed for aggravated burglary and the concurrent near-minimum sentence imposed for possession of cocaine are not excessive. A review of the jurisprudence further supports a finding that the sentences are not excessive. In *State v. Tolliver*, 12-1355 (La.App. 3 Cir. 5/8/13), ___ So.3d ___, this court upheld a twenty-five year sentence for an aggravated burglary committed by a defendant who had two prior felony convictions, who had been the subject of parole and probation revocations on at least three occasions, and who violently attacked one of his victims. Finally, in *State v. Lazaro*, 12-134 (La.App. 3 Cir. 11/7/12), 125 So.3d 1134, this court affirmed an eighteen-year sentence imposed upon a nineteen-year-old first-felony offender who had two criminal charges pending against him. *Id.* During the commission of the burglary, many items were taken, including firearms. *Id.* According to the victim, when he returned home unexpectedly, the defendant fired several shots from one of the stolen handguns. *Id.* The court in *Lazaro* noted that although the victim did not receive any physical injuries, the victim testified that

7

the defendant's crime will probably affect him and his family for the rest of their lives. *Id.*

Considering the above and considering the supreme court's repeated admonition "that sentence review under the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case[,]" we find that the trial court did not abuse its discretion by imposing a fifteen-year sentence and a one-year concurrent sentence in this case. *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283 (citing *State v. Walker*, 00-3200 (La. 10/12/01), 799 So.2d 461; *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957; and *State v. Humphrey*, 445 So.2d 1155 (La.1984)).

## CONCLUSION

The defendant's sentences are affirmed. The trial court is ordered to amend the minute entry of June 27, 2013, to reflect the conviction for which the sentence was imposed on that date.

**AFFIRMED WITH INSTRUCTIONS.**